**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 10-250-JBC**

**HAROLD BREWER,**                                                                              **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**WAL-MART, ET AL.,**                                                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

      This matter is before the court on the plaintiff's motion to remand to state court (R. 3). The court will grant the motion, because the record fails to support the requisite amount in controversy.

      The plaintiff, Harold Brewer, commenced this action in Breathitt Circuit Court, alleging that the defendants, Wal-Mart, Stores, Inc., G.E. Money, and G.E. Card Services, failed to remedy damage to Brewer's credit rating after someone stole Brewer's checks, opened a Wal-Mart credit card in his name, and made fraudulent charges at Wal-Mart stores. Brewer seeks compensatory and punitive damages, injunctive relief, and attorney's fees and costs. Brewer, however, fails to specify in his complaint the amount of money he is seeking.

      Wal-Mart, the only defendant to appear, removed the action to this court and asserted diversity-of-citizenship jurisdiction. When he moved to remand, Brewer filed an affidavit, in which he stated that he was mainly seeking injunctive relief to correct his credit rating and that he would not demand or seek damages in excess

of, or which amount to, $75,000. R. 3 Ex. 4. Wal-Mart, nevertheless, claims that diversity jurisdiction exists. Because Brewer has only represented that he will not seek more than $75,000 in damages, Wal-Mart contends, he leaves open the possibility that the combination of damages, injunctive relief, attorney's fees, and costs could push the amount in controversy above the jurisdictional minimum.

Notwithstanding Brewer's limited stipulation, Wal-Mart fails to establish that the jurisdictional minimum is satisfied. Brewer does not bear the burden to establish that the case should be remanded. Wal-Mart bears the burden to show, by a preponderance of the evidence, that the amount in controversy is sufficient to support federal jurisdiction. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Wal-Mart fails to present any supporting evidence. Wal-Mart, instead, hypothesizes that Brewer could recover $74,999 in damages, and that the attorney's fees and equitable relief could push his recovery above $75,000. Wal-Mart provides no factual basis for its hypothesis. Moreover, Brewer's statement that he is primarily interested in the injunctive relief casts doubt on Wal-Mart's hypothesis. Wal-Mart fails to present evidence from which the court can conclude that it is more likely than not that the amount in controversy exceeds $75,000. This action would be remanded even if the court did not consider the affidavit because Wal-Mart has failed to present its own factual basis to support the exercise of subject-matter jurisdiction.

This is a court of limited subject-matter jurisdiction. Wal-Mart has failed to

provide any basis from which the court can conclude, by a preponderance of the evidence, that the jurisdictional minimum is satisfied. Brewer's affidavit supports the opposite conclusion. The court cannot rely on the record before it as a ground for exercising its limited subject-matter jurisdiction. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand (R. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to Breathitt Circuit Court and **STRICKEN** from the active docket.

Signed on October 20, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY